**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America, | No. CR-11-02886-TUC-JGZ |
| Plaintiff, | **ORDER** |
| v. | |
| Michael Scott French, | |
| Defendant. | |

Pending before the Court is Defendant Michael French's motion for compassionate release. (Doc. 128.) Having reviewed the motion and the record, the Court will deny the request.

Defendant was convicted of possession of child pornography and received a sentence of 42 months' imprisonment, followed by a lifetime term of supervision. Defendant completed his term of imprisonment, but on January 7, 2021, the Defendant's term of supervision was revoked after he admitted to unauthorized internet use. The Court imposed a six-month term of imprisonment for the violation, followed by another term of lifetime supervision. One special condition of the supervision requires that Defendant live up to 180 days in a halfway house after release from imprisonment.

In the pending request for compassionate release, Defendant states that he suffers from medical conditions which make him susceptible to COVID-19. He also argues that he will be unable to get around at the halfway house because of his medical issues. He requests that he be released to his home so he can get proper medical care. (Doc. 128.)

Pursuant to the First Step Act, 18 U.S.C. § 3582(c)(1)(A)(i), a sentencing court may reduce a term of imprisonment if "after considering the factors set forth in section 3553(a) to the extent they are applicable," the court finds (1) "extraordinary and compelling reasons warrant such a reduction," and (2) "the defendant is not a danger to the safety of any other person or to the community." U.S.S.G. § 1B1.13. Additionally, the Court's reduction of a sentence must be "consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).[1]

Defendant's medical condition may not constitute an extraordinary and compelling reason to reduce his current sentence, (see Doc. 129), but even if it did, reduction would not be warranted. Defendant's underlying conviction is serious as was his violation of his conditions of supervision which were related to the underlying offense. Defendant used prohibited internet devices in his home and at work. Defendant was not truthful with his probation officer about his violation, and Defendant avoided submitting to a polygraph examination, likely out of concern that his violations would be discovered. The Court imposed the sentence at issue knowing of Defendant's medical conditions and of the risks of COVID-19. The Court determines that the applicable policy statements, and the safety of the community, are served by Defendant's completion of his sentence.

Accordingly,

**IT IS ORDERED denying** the motion for compassionate release (Doc. 128.)

Dated this 9th day of February, 2021.

_____
Honorable Jennifer G. Zipps
United States District Judge

---

[1] It is unknown whether Defendant exhausted his administrative remedies. Nonetheless, the Court will rule on the motion because the relief requested is not warranted.